# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **BNSF RAILWAY COMPANY,** | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | **Case No.: 2:11-cv-01047-MHH** |
| | } | |
| **ALABAMA DEPARTMENT OF REVENUE, et al.,** | } | |
| | } | |
| Defendants. | } | |

| | | |
|---|---|---|
| **NORFOLK SOUTHERN RAILWAY COMPANY,** | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | **Case No.: 2:13-cv-01305-MHH** |
| | } | |
| **ALABAMA DEPARTMENT OF REVENUE, et al.,** | } | |
| | } | |
| Defendants. | } | |

| | | |
|---|---|---|
| **ALABAMA SOUTHERN RAILROAD, LLC, et al.,** | } | |
| | } | |
| Plaintiffs, | } | |
| | } | |
| v. | } | **Case No.: 2:14-cv-00283-MHH** |
| | } | |
| **ALABAMA DEPARTMENT OF REVENUE, et al.,** | } | |
| | } | |
| Defendants. | } | |

## **ORDER OF DECLARATORY AND INJUNCTIVE RELIEF**

On March 25, 2021, the Court entered an order granting the plaintiffs' motion for judgment on the pleadings in these three consolidated cases with respect to all defendants except the City of Irondale and James Stewart. (Doc. 99).[1] On April 9, 2021, the Court entered an order granting plaintiff Norfolk Southern Railway Company's motion for judgment on the pleadings against the City of Irondale and James Stewart. (Doc. 102). In the March 25, 2021 order, the Court directed the State of Alabama to consider how it would prefer to remedy its discriminatory sales and use tax, given that the Eleventh Circuit proposed alternatives of either repealing the water carrier exemption or exempting rail carriers from the tax. (Doc. 99, p. 2). During a videoconference on April 19, 2021, counsel for the State informed the Court that he was not aware of efforts in the Alabama Legislature to repeal the water carrier exemption, so repeal was not a remedial option for the State. (Doc. 138, pp. 3–4). Therefore, the remedy available to the plaintiff railroads is a final declaratory judgment and permanent injunction preventing the defendants from collecting the sales and use tax from the plaintiffs.

For the reasons stated in the Court's March 25, 2021 memorandum opinion granting the plaintiffs' motion for judgment on the pleadings, (Doc. 98), and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, the Court declares that, for as long as the State of Alabama retains the sales and use tax exemption for diesel fuel used by water

---

[1] All record citations refer to CM/ECF docket entry numbers in the lead case, 2:11-cv-01047.

carriers "engaged in foreign or international commerce or in interstate commerce," the Railroad Revitalization and Regulatory Reform Act of 1976, 49 U.S.C. § 11501(b)(4), forbids the Alabama Department of Revenue, the Alabama Commissioner of Revenue, Jefferson County, Jefferson County Tax Assessors, the Jefferson County Tax Collector, Walker County, Colbert County, the Colbert County Revenue Commissioner, Autauga County, the Autauga County Revenue the Commissioner, the Tuscaloosa County Special Tax Board, the City of Birmingham, the Director of Finance of the City of Birmingham, the City of Irondale, the Treasurer of the City of Irondale, the City of Tuscaloosa, the Director of Finance of the City of Tuscaloosa, the City of Fairfield, and the Director of Finance of the City of Fairfield, all defendants in these consolidated cases, from assessing, levying, or collecting from plaintiffs BNSF Railway Company; Norfolk Southern Railway Company; Alabama Southern Railroad, LLC; Alabama Warrior Railway, LLC; Autauga Northern Railroad, LLC; and Birmingham Terminal Railway, LLC sales and use taxes under ALA. CODE §§ 40-23-2(1) and 40-23-61(a), or any recodifications thereof, on diesel fuel purchased or used by those rail carriers while engaged in foreign or international commerce or in interstate commerce.

Furthermore, the Court enjoins the defendants from assessing, levying, or collecting from the plaintiffs sales and use taxes under ALA. CODE §§ 40-23-2(1) and 40-23-61(a), or any recodifications thereof, on diesel fuel purchased or used by those rail carriers while engaged in foreign or international commerce or in interstate commerce for as long as the

State of Alabama retains the sales and use tax exemption for diesel fuel used by water carriers "engaged in foreign or international commerce or in interstate commerce."

For purposes of this order, the plaintiffs "engage[] in . . . interstate commerce" when they operate on part of the interconnected interstate railroad network because such operation substantially relates to interstate commerce.  As explained in the Court's March 25, 2021 memorandum opinion, the Alabama Supreme Court considers activity "substantially related to interstate commerce" to be "engag[ing] in . . . interstate commerce" under Alabama's water carrier exemption, ALA. CODE § 40-23-4(a)(10).  (*See* Doc. 98, pp. 29–30) (citing *Bean Dredging, L.L.C. v. Alabama Dep't of Revenue*, 855 So. 2d 513, 518–20 (Ala. 2003)).  By extension, activity "substantially related to interstate commerce," like operation on part of the interconnected interstate railroad network, is "engag[ing] in . . . interstate commerce" pursuant to the Eleventh Circuit's final opinion in the *CSX* case, *CSX Transp., Inc. v. Alabama Dep't of Revenue*, 888 F.3d 1163, 1187 (11th Cir. 2018).  (*See* Doc. 98, pp. 29–31).[2]

**DONE** and **ORDERED** this August 20, 2021.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[2] In preparing this order, the Court considered the plaintiffs' proposed language for the order, (Doc. 134-1), and the defendants' objections to that proposed language, (Doc. 134).